**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louie Josytewa, | CV-22-08193-PCT-DLR(ESW) |
| Movant/Defendant, | CR-18-08300-PCT-DLR |
| v. | |
| United States of America, | **ORDER** |
| Respondent/Plaintiff. | |

    Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Eileen S. Willett (Doc. 48) regarding Louie Josytewa's ("Movant") Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 18) and supporting Amended Memorandum (Doc. 20) (collectively, "Amended § 2255 Motion"). In the Amended § 2255 Motion, Movant raises three grounds for relief: Ground One contains ten claims of ineffective assistance of counsel ("IAC"); Ground Two is a freestanding challenge to the voluntariness and reliability of Movant's confession during an interview with an agent from the Federal Bureau of Investigation ("FBI"); and Ground Three is a freestanding claim of actual innocence. The R&R recommends that the Court deny the Amended § 2255 Motion without an evidentiary hearing and deny a Certificate of Appealability. For Ground One, the R&R recommends that the Court deny relief on all ten IAC claims on their merits. The R&R recommends that the Court find Ground Two has been procedurally defaulted and therefore deny relief

without reaching the merits. And the R&R recommends that the Court deny relief as to Ground Three because Movant has not made a sufficiently strong showing of actual innocence to succeed on a freestanding actual innocence claim.

The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 48 at 43.) Movant filed an objection to the R&R on May 14, 2024 (Doc. 49), the Government filed its response on May 23, 2024 (Doc. 50), and Movant filed a Notice of Supplemental Authority on August 22, 2024 (Doc. 51). Movant does not object to the R&R's recommended disposition of Ground Three, or of his sixth, seventh, eighth, and ninth IAC claims. But Movant objects to the R&R's (1) procedural default finding as to Ground Two and consequent failure to evaluate the merits of the claim, (2) rejection of the merits of his first, second, third, fourth, fifth, and tenth IAC claims, and its recommendations that the Court deny (3) an evidentiary hearing and (4) a Certificate of Appealability. The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). As explained below, the Court overrules some of Movant's objections and finds that an evidentiary hearing is warranted before the Court rules on the remainder.

**I.     Objections to the R&R's Proposed Resolution of Ground Two**

In Ground Two, Movant seeks to challenge the voluntariness and reliability of the confession he made during an interview with the FBI. Because he did not raise this issue on direct appeal, the R&R finds that Ground Two is procedurally defaulted. Movant argues that he should be permitted to proceed on the procedurally barred claim through a "gateway" claim of "actual innocence." Movant argues that the R&R "demand[s] greater proof of gateway 'actual innocence' than the law requires." (Doc. 49 at 1.)

As a preliminary matter, Movant contends the Government failed to raise the procedural default defense with respect to unreliability component of Ground Two, and he objects to the R&R making this finding *sua sponte*. Reviewing the record, the Court finds that Movant adequately raises the reliability of his confession. Movant alleges in Ground Two of the "form petition" that "[t]he confession was coerced and unreliable." (Doc. 17-1

at 5.) The Amended Memorandum titles Ground Two as "Involuntary 'Confession'" but the section that follows discusses "additional coercive tactics." (Doc. 20 at 65, 68.) Read as a whole, the Amended Memorandum fairly raises the reliability issue, as it is discussed repeatedly. (*Id.* at 22, 29, 34-41, 59, 61-62, 73-74.) The Court also agrees with the R&R that, given the intertwined nature of Movant's involuntariness and unreliability arguments and the way in which Movant's own filings at times blend them, the Government's procedural default arguments as to the involuntariness issue can be reasonably construed to encompass the unreliability issue as well. (Doc. 48 at 39 n.11.) Movant's objection to the Magistrate Judge making this finding *sua sponte* is therefore overruled.

Moving on, the R&R correctly notes that "in *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995), the Supreme Court held that a defendant who otherwise would be procedurally barred from presenting a constitutional claim may obtain review of the claim by demonstrating actual innocence." (Doc. 48 at 39.) "Such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324; *see also Gable v. Williams*, 49 F.4th 1315, 1322 (9th Cir. 2022).

In support of his gateway claim of actual innocence, Movant offers reports from Drs. Gregory DeClue and John Toma and a sworn declaration of eyewitness Adeline Adams. The R&R, however, finds that the "only new evidence" Movant presents is Adeline's affidavit. (Doc. 48 at 40.) The R&R does not address the reports of Drs. DeClue and Toma in the context of Movant's gateway claim.

Beginning with Adeline's affidavit, Adeline was in a unique position at the time of the alleged touching. She was sitting next to Movant on the loveseat in the living room, the location where the victim claimed the touching occurred. The victim's mother, Brenda Polacca, claims she left the victim sitting next to Movant on the loveseat for five or six minutes when she left the room. Adeline's declaration contradicts the victim's testimony and is relevant to the victim's and her mother's credibility and their potential motives. The

R&R, however, finds Adeline's affidavit to be insufficiently reliable evidence to open the *Schlup* gateway. (*Id.*) In so finding, the R&R identifies problems with Adeline's credibility.

The Court does not find that Adeline necessarily is an incredible and unreliable witness merely because she misidentified the date of the incident in her affidavit or was Movant's boyfriend at the time of the incident or prepared her affidavit six years after the incident. Her recitation of the events indicates that she is referring to the incident in question, regardless of the mistake concerning the date. That Movant was her boyfriend in the past, though not currently, does not automatically disqualify or discredit her. The Court cannot assess Adeline's credibility based solely on the paper record. Adeline is the witness in the best position to observe the alleged criminal activities. Before determining whether her testimony is sufficiently reliable evidence to open the *Schlup* gateway, the Court will assess Adeline's credibility during an evidentiary hearing.

The Court also finds the report of forensic science expert Dr. DeClue raises relevant issues regarding Movant's interrogation and, if credited, undercuts the voluntariness and reliability of Movant's confession, which was evidence critical to his conviction. The Government argues that Movant did not raise the *Schlup* gateway argument for allowing Dr. DeClue's opinions in support of his effort to proceed on procedurally barred claim until he filed his objections to the R&R. (Doc. 49 at 1-2.) The Government notes that a *Schlup* gateway claim is different from the freestanding actual innocence claim raised in Ground Three of the Amended § 2255 Motion, and therefore has been waived. The Court disagrees. The *Schlup* gateway claim is adequately raised and has not been waived. The Court further finds that an evidentiary hearing during which the testimony of Dr. DeClue is presented is necessary to determine whether Movant has met the *Schlup* standard.

The Court agrees with the Government, however, that Dr. Toma's report is untimely because Movant submitted it for the first time with his reply brief, after the Government had already filed its response to the Amended § 2255 Motion. It would be unfair for the Court to consider evidence that the Government did not have an appropriate opportunity to address.

On the substantive merits of Ground Two, Movant argues that "[a]dmitting an involuntary (threat) or unreliable (uncorroborated) confession requires vacating the conviction." (Doc. 49 at 5.) But it is premature for the Court to evaluate the substantive merits of this claim because an evidentiary hearing is necessary to determine whether it can be salvaged from procedural default through a sufficiently reliable showing of actual innocence. Accordingly, the evidentiary hearing will serve the dual purpose of providing the Court with sufficient information (1) to assess whether Movant has met the *Schlup* standard and, if so, (2) to evaluate whether Movant's confession was, in fact, involuntary and/or unreliable. On the unreliability claim, however, the Court observes that the parties have not briefed the degree to which the victim's statements about how and where the touching occurred must match Movant's confession to be corroborative. Although Movant confessed to touching the victim, his description of the location in the house where the touching occurred and his actions during the touching were inconsistent with the victim's description. Is the victim's testimony that she was touched by Movant while he sat on the loveseat sufficiently corroborative of the Movant's statement that he touched her in another room while standing in line for food? The Court will order supplemental briefing on this discrete issue in advance of the evidentiary hearing.

## II.     Objections to the R&R's Proposed Resolution of Ground One's First, Second, Third, Fourth, Fifth, and Tenth IAC Claims.

The Amended § 2255 Motion raises ten IAC claims. Movant objects to the R&R's disposal of six of those claims.

*First IAC Claim.* Movant objects to the R&R's characterization of his personality traits that he claims made him particularly vulnerable to FBI interrogation. Movant argues that, as a Hopi elder, he was particularly susceptible to pressure, and that the techniques employed by the FBI therefore would lead to an involuntary and false confession. The R&R distinguishes Movant's claimed susceptibilities from those found in *United States v. Preston*, 751 F.3d 1008 (9th Cir. 2014), finding Movant's argument that he was a "passive Hopi elder" vulnerable to false confessions was "conclusory and speculative." (Doc. 48 at

5.) The Court agrees. In his objection, Movant cites Dr. Toma's report to support his claim, but as previously discussed, Dr. Toma's report is untimely and will not be considered. The R&R correctly finds that there was insufficient evidence to support Movant's argument that his personality traits rendered him especially vulnerable to making a false confession.

*Second IAC Claim.* Movant argues in his Amended § 2255 Motion that trial counsel should have insisted on the admission of Movant's entire confession. The Government argues in its response brief that the entire confession would have been inadmissible under the rules of evidence. Movant argues in reply that trial counsel should have urged the admission only of certain portions, rather than the entire confession. But Movant does not specify the precise portions of the confession that he believed would have been admissible. The R&R finds principally that Movant's modified argument is an improper new claim. Alternatively, the R&R concludes that Movant's modified argument fails because "Movant has not persuasively argued that the admission of additional excerpts [was] needed to rebut a misleading impression from the Government's excerpts, and "has not identified any specific excerpts that would have been admissible under the rules of evidence." (Doc. 48 at 13.)

Movant objects that the R&R treats this modification to his argument as an improper new claim. The Court agrees with Movant. Movant's reply narrows the scope of his claim, but it does not improperly raise a new claim. However, Movant's objection fails to meaningfully grapple with the R&R's alternative finding on the merits. With respect to the R&R's criticism that Movant fails to specify which excerpts he believes would have been admissible, Movant merely notes that he summarized the entire confession "in painstaking detail" in his Amended § 2255 Motion, "with the 'reframed argument' agreeable to remove matters identified as clearly inadmissible." (Doc. 49 at 6.) This is insufficient. As the moving party, it is Movant's burden to identify the portions of the confession that he believes trial counsel should have sought admission of, and to articulate a legal theory for why he believes those portions would have been admissible under the rules of evidence.

Movant does not do so in his reply or in his objections to the R&R. The Court therefore overrules Movant's objection to the R&R's proposed disposition of his second IAC claim.

*Third IAC Claim.* The R&R finds that trial counsel was not ineffective for not calling Adeline as a witness. Movant objects to the R&R's observation that Adeline's affidavit does not indicate she was willing to testify. But that observation is not the basis of the R&R's finding. Instead, the R&R finds that "trial counsel's decision not to call Adeline as a witness after unsuccessful efforts to contact her fell within the wide range of professionally competent assistance." (Doc. 48 at 16.) The relevant question is whether Movant can meet his *Strickland* burden. As previously noted, Adeline was in a unique position and could have been a critical defense witness. Before ruling on this objection, the Court will hear Adeline's and trial counsel's testimony.

*Fourth IAC Claim.* The R&R finds that trial counsel was not ineffective for failing to impeach Brenda with her alleged addiction history. Movant objects to the R&R's finding that Brenda's substance abuse was inadmissible. Movant offers two theories of admissibility. First, he argues that evidence of Brenda's substance abuse is relevant "to her ability to perceive and recall events accurately." (Doc. 49 at 6.) The Court disagrees. There is no evidence that Brenda was intoxicated at any relevant time. Movant has not established a link between Brenda's addiction and her ability to accurately perceive and recall the relevant events. Second, Movant argues that evidence of Brenda's addiction is relevant to show motive. Specifically, Adeline states in her affidavit that Movant had been lending Brenda money so that she could finance her addiction, and that Movant had stopped doing so by the time of the incident. (Doc. 2-1 at 22.) Movant argues that by cutting off funds, Movant interfered with Brenda's addiction and provided her with a "strong revenge and/or extortion motive." (Doc. 49 at 7.) In a case where there was no physical evidence, Brenda gave important testimony about changes in the victim, and the victim's accusations were raised months after the event, evidence relevant to Brenda's potential motives could have been important. The Court will allow Movant to present evidence of Brenda's potential

motives that would have been available to trial counsel, and the Court will rule on this objection after hearing Adeline testify.

*Fifth IAC Claim.* Movant objects to the R&R's finding that trial counsel was not ineffective for failing to cross-examine the victim, the sole witness to the crime. The objection points to several areas of inconsistencies that could have been explored by cross-examination, including a drawing by the victim that was inconsistent with her trial testimony about where the touching occurred. The drawing was not employed in cross-examination, never put into evidence, and never shown to the jury.

Even though it would have been difficult and could have made some jurors uncomfortable, the Court will need to hear from trial counsel on why it was reasonable trial strategy to pass on the opportunity to cross-examine the victim. The trial process relies on cross-examination, and considering the state of the evidence, not cross-examining this victim appears to be an unusual strategy. The Court will also hear from trial counsel on the strategic considerations employed when he congratulated the victim for being brave instead of cross-examining her, and whether that comment could have served to bolster the witness's credibility. The Court will determine if the *Strickland* test has been met, considering all the evidence, after hearing the testimony of trial counsel, Dr. DeClue, and Adeline.

*Tenth IAC Claim.* Movant objects to the R&R's conclusion that it was not ineffective for trial counsel to not retain experts like Drs. DeClue and Toma to learn about the viability of a challenge to the admissibility of Movant's confession. The objection points out that trial counsel did not recognize the confession could be suppressed based on a lack of voluntariness or reliability. Movant argues that trial counsel should have undertaken a "thorough investigation of the law and facts" and counsel should have conducted factual and legal research. (Doc. 49 at 7.) The Court will hear trial counsel's testimony on his knowledge or experience in recognizing the techniques that can lead to coerced confessions, and counsel's considerations in deciding not to hire experts to assist

in understanding why Movant's confession arguably might have been neither voluntary nor reliable.

**IT IS ORDERED** that the parties shall appear in person for an evidentiary hearing at **9:30 AM on November 12, 2024**, before Senior Judge Douglas L. Rayes in Courtroom 606, 401 W. Washington St., Phoenix, AZ 85003. The Court will set aside **five hours** for the hearing, divided equally between the parties. The Court expects to hear from trial counsel, Adeline, and Dr. DeClue at this hearing.

**IT IS FURTHER ORDERED** that, within **ten days** of the date of this order, Movant shall file a supplemental brief of no more than **five pages** addressing the corroboration issue discussed in this order. The Government's response, also limited to **five pages**, is due within **ten days** of the filing of Movant's supplemental brief. Movant thereafter will have **five days** in which to file an optional reply, limited to **three pages**.

Dated this 6th day of September, 2024.

Douglas L. Rayes
Senior United States District Judge